**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

HEATHER S. THOMPSON,

    Plaintiff,

v.

    Case No. 1:20-cv-05612

UNIFIN, INC.,

    Defendant.

## COMPLAINT

**NOW COMES** Plaintiff, HEATHER S. THOMPSON, through undersigned counsel, complaining of Defendant, UNIFIN, INC., as follows:

## NATURE OF THE ACTION

1.    This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.    Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4.    HEATHER S. THOMPSON ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 68 Timber Trails Court, Gilberts, Illinois 60136.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.    UNIFIN, INC. ("Defendant") is a corporation organized and existing under the laws of the state of Illinois.

7.    Defendant maintains a principal place of business at 5996 West Touhy Avenue, Suite 2000, Niles, Illinois 60714.

1

8.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9.      Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10.     Plaintiff applied for a Carson's Credit Card Account.

11.     Upon approval, Comenity Bank issued Plaintiff a credit card.

12.     Plaintiff activated this card and began using her card for personal clothing and household purchases.

13.     Over time, Plaintiff made $1,103.40 in charges to this card.

14.     Plaintiff's $1,103.40 balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

15.     However, Plaintiff's financial situation changed, Plaintiff defaulted on payments, and Plaintiff's $1,103.40 balance was charged-off and assigned, sold, or transferred to Jefferson Capital Systems LLC.

16.     Soon thereafter, Plaintiff's $1,103.40 balance was referred for collection.

17.     Defendant mailed Plaintiff a letter, dated June 18, 2020 (the "Letter"), which stated:

| Account Summary | |
|---|---|
| Unifin Reference Number | 0026094433 |
| Debt Description | CARSON'S |
| Original Account Number | ************1075 |
| Original Creditor | COMENITY BANK |
| Current Creditor | JEFFERSON CAPITAL SYSTEMS LLC |
| Jefferson Capital Ref Number | 3322103221 |
| Amount Due | $1,103.40 |

Dear Heather S. Thompson:

The past due account(s) has/have been referred to our agency for collection. This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that the debt or any portion thereof is disputed,

2

this office will obtain verification of the debt or obtain a copy of a judgment and mail a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

We can accept a discounted offer or payment plan towards the balance in full to close out the account, below are some options:

| 1 payment of **$551.70 (USD)** towards a discounted offer | 3 monthly payments of **$239.07 (USD)** towards a discounted offer | 12 monthly payments towards the balance in full |
| --- | --- | --- |

The above discounted offer or payment plan will represent a release of further obligation if the payment(s) is not charged back or returned to us for any reason. The discounted offer(s) may expire 45 days from June 18, 2020.

If none of these options work, please contact us at 888-572-3987 to discuss a hardship payment plan.

All mail-in payments should be made out to Unifin, Inc. and please have the Unifin ID Number above on the payment instrument to be properly applied to this account.

Sincerely,
Unifin Inc. Management

18.     The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

19.     The Letter provides three payment arrangements, two of which offer discounts varying from 35% to 50% off the $1,103.40 balance.

20.     The Letter indicated "[t]he discounted offer(s) may expire 45 days from June 18, 2020."

21.     The Letter *did not* say "[w]e are not obligated to renew any offers provided."

22.     Without this phrase, the Letter's time-sensitive deadlines only amplified and emphasized Defendant's message that Defendant's offers were truly time bound.

23.     On information and belief, however, Defendant's offer was not limited to just 45 days; and was likely to be "re-extended" to Plaintiff in the future.

24.     The Letter's offers are in the idiom of limited-time or one-time sale offers, clearance sales, going-out-of-business sales, and other temporary discounts – creating false sense of urgency and seeking to pressure Plaintiff into accepting Defendant's offer(s) as quickly as possible  – in fear that she'd have no further chance to settle her debt for less than the full balance.

## DAMAGES

25.     Congress enacted the FDCPA to rein in certain "evils" associated with debt collection," *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 874 (7th Cir. 2015), because existing legal remedies were, in its judgment, "inadequate to protect consumers."  15 U.S.C. § 1692(b).

26.     To address those practices, the FDCPA imposes a "rule against trickery." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007); see also O'Rourke v. Palisades Acquisition XVI, LLC, 635 F.3d 938, 941 (7th Cir. 2011) (noting that the FDCPA's prohibitions "keep consumers from being intimidated or tricked by debt collectors").

27.     The statute thus gives debtors a right to receive accurate information, which they can enforce against debt collectors by bringing suit under the FDCPA. *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ... .").

28.     The value of receiving truthful information about one's financial affairs—and the ill effects of receiving misleading information—may be hard to quantify, especially where, as here, the plaintiff did not act upon the misinformation.

29.     But being misled in violation of an anti-trickery statute like the FDCPA is a concrete harm, nevertheless. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-74, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982) (holding that a plaintiff "who has been the object of a misrepresentation made unlawful" by federal statute suffered an injury in fact and thus had Article III standing).

30.     The Letter deceived Plaintiff into believing, *inter alia*, that once 45 days passed, she would lose the ability to satisfy her account for less than the amount owed

4

31.     Concerned with having had her rights violated, Plaintiff was forced to retain counsel; therefore, expending time and incurring attorney's fees to vindicate her rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

32.     All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692e

33.     Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section.

> (10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

34.     Defendant violated 15 U.S.C. §§ 1692e and e(10) by using language that implied that Plaintiff only had a limited time to take advantage of Defendant's settlement offer(s), when, in fact, Defendant was likely to continue to renew their offer, and would certainly be pleased to collect Plaintiff's payment at any time.

35.     Defendant's deliberate language reinforced the idea that if Plaintiff did not act immediately, she may lose the opportunity to do so forever.

36.     Plaintiff believed that if she did not pay by the deadline, then she would have no future chance to settle her debt for less than the amount owed.

37.     Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e and e(10) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to

comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

    (1)    any actual damage sustained by such person as a result of such failure;

    (2)

        (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

    (3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

    A.    a finding that Defendant violated 15 U.S.C. §§ 1692e and e(10);

    B.    an award of any actual damages sustained by Plaintiff as a result of Defendant' violation(s);

    C.    an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

    D.    an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

    E.    an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: September 22, 2020

Respectfully submitted,

**HEATHER S. THOMPSON**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road
Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com